■ In the Matter of JAMES R. DUMPSON, as Commissioner of Welfare of the City of New York, Appellant, v. BOARD OF EDUCATION OF THE CITY OF NEW ROCHELLE et al., Respondents.— In a proceeding under article 78 of the Civil Practice Act, to review and annul a determination of the respondent Board of Education of the City of New Rochelle, which denied to certain children tuition-free admission to one of said city's schools, petitioner, the Commissioner of Welfare of the City of New York, appeals from an order of the Supreme Court, Westchester County, dated April 25, 1961, which confirmed the board's determination and dismissed the proceeding. Order reversed on the law, without costs, and proceeding remitted to Special Term for the purpose of conducting a hearing, pursuant to section 1295 of the Civil Practice Act, of the factual issues raised by the petition and return, and for further action not inconsistent herewith. In his petition, the petitioner alleges: (a) that by appropriate orders of the Children's Court the four infants, for whom tuition-free admission to the New Rochelle Public School System is sought, were adjudicated neglected children and committed to his care and custody; (b) that he first placed these children in an authorized children's home or

agency for the purpose of foster home placement; (c) that said agency placed these children with a family which then resided in New York City; and (d) that the family now resides in the City of New Rochelle. The petition further asserts that said children, as New Rochelle residents, are entitled to attend an appropriate public school therein without the payment of tuition. In support of this position, the Commissioner invoked subdivision 5 of section 3202 of the Education Law which provides, in part, that " Children cared for in free family homes, and children cared for in family homes at board, when such family homes shall be the actual and only residence of such children or such children have been removed from the custody of their parents by order of the children's court, shall be deemed residents of the school district in which such family home is located." The board's return denies the foregoing allegations of the petition. Under section 398 of the Social Welfare Law, Commissioners of Public Welfare are empowered, with respect to " neglected children ", to " care for any [such] child * * * discharged to his care by a children's court " (§ 398, subd. 2, par. [b]). Such a Commissioner is further empowered to " Place children in suitable instances in family homes or institutions under the proper safeguards, either directly or through authorized agencies " (§ 398, subd. 6, par. [g]; emphasis supplied). In addition, section 400 of the Social Welfare Law empowers the Commissioner to remove children from institutions or family homes in which he has thus caused them to be placed. Under subdivision 1 of section 3202 of the Education Law, a resident child between the ages of 5 and 21 is entitled to a free public education in any school within the district of his residence. In our opinion, if the facts in the petition are true, the children here involved would be deemed residents of the City of New Rochelle for educational purposes, pursuant to subdivision 5 of section 3202 of the Education Law. The last sentence of that subdivision does not refer to a resident child, for whom no tuition is payable, but only to other children who are not deemed residents. Such children are nonetheless entitled to free matriculation at the public schools unless the Commissioner of Education, upon proof of an unreasonable additional operating cost on the school district, shall decide to impose tuition. Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.